**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Giovanni Edwin SOLANO,**
**Defendant—Appellant.**

**No. 03–50164.**

**D.C. No. CR–02–01700–JTM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 26, 2003.

---

Roger W. Haines, Jr., Asst. U.S. Atty., Alessandra P. Serano, Asst. U.S. Atty., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michael Petrik, Jr., FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM*

Giovanni Edwin Solano was convicted on two counts of transporting illegal aliens. 8 U.S.C. § 1324(a)(1)(A)(ii). He appeals his convictions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I.

■ Solano first challenges the district court's ruling on his motion to present a public authority defense at trial. The district court denied Solano's motion without prejudice after concluding that Solano's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

pretrial offer of proof failed to make a prima facie showing of actual or believed authority. We agree with the district court that Solano's proffer was insufficient. It did not include any statements made or conveyed to Solano that could possibly have supported a reasonable belief that Solano's conduct had been officially authorized. *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir.1994). Contrary to Solano's contention, the district court's ruling also did not force Solano to choose between his public authority defense and possibly self-incriminating testimony. The district court noted the deficiencies in Solano's proffer but did not state that Solano's own testimony would be required to cure those deficiencies.[1]

■ Solano next argues that the district court erred in denying his pretrial motions to suppress because Border Patrol agents used the Highway 86 checkpoint where Solano was stopped "to uncover evidence of ordinary criminal wrongdoing." *City of Indianapolis v. Edmond*, 531 U.S. 32, 42, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000). We are not persuaded. Suspicionless stops are permitted at immigration checkpoints near the border, *United States v. Martinez–Fuerte*, 428 U.S. 543, 545, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976), and Agent Boubel testified that he ordered Solano stopped in order to investigate possible alien smuggling, not ordinary criminal wrongdoing.

■ Solano also contends that the district court erred in admitting statements Solano made at the Highway 86 checkpoint and in allowing Roberto Gutierrez to testify about a phone call he received from Solano hours before Solano was stopped. Having carefully reviewed the record, however, we are convinced that any error in admitting Solano's pre-*Miranda* statements was harmless beyond a reasonable doubt and that any error in allowing Gutierrez to testify more probably than not did not materially affect the verdict. *See United States v. Beckman*, 298 F.3d 788, 793 (9th Cir.2002) (applying harmless error analysis to evidentiary claim under Fed.R.Evid. 404(b)); *United States v. Butler*, 249 F.3d 1094, 1098, 1101 (9th Cir. 2001) (applying harmless error analysis to *Miranda* claim).

■ Finally, Solano raises two challenges to the district court's jury instructions. First, Solano argues that the district court erred in refusing to give his proposed intent instruction. This argument is foreclosed by *United States v. Barajas–Montiel*, 185 F.3d 947, 953–54 (9th Cir.1999), which approved the same intent language used by the district court in this case. Second, Solano contends that the district court erred in instructing the jury that the government could prevail if it proved Solano recklessly disregarded the fact that his passengers were illegal aliens. We disagree that the government was required to elect a theory of intent as 8 U.S.C. § 1324(a)(1)(A)(ii) allows for conviction based on "reckless disregard," *cf. United States v. Baron*, 94 F.3d 1312 (9th Cir.1996), and the instruction was otherwise supported by the evidence. The government presented evidence that Solano agreed on very short notice to drive two people to Los Angeles late at night, that he picked them up in a town fairly close to the border, and that as he approached the Highway 86 checkpoint, Solano asked his passengers to get out of the car and walk

---

1. We also note that if Solano's testimony had been ruled necessary, Solano could have supported his motion with a declaration filed under seal. *See United States v. Gurolla*, 333 F.3d 944, 951–52 (9th Cir.2003), *cert. denied sub nom. United States v. Leon*, — U.S. —, 124 S.Ct. 496, — L.Ed.2d — (2003).

around the checkpoint. Absent any evidence that Solano actually asked his passengers about their immigration status, this series of events supports an inference that Solano either knew or suspected his passengers of having crossed the border illegally but deliberately chose not to confirm that suspicion with questions. *See United States v. McAllister*, 747 F.2d 1273, 1274–76 (9th Cir.1984).

## II.

For the foregoing reasons, Solano's convictions for transporting illegal aliens are AFFIRMED.